## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TADESE SHIFERAW, #XXXX-XX5-485,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-01063-JPG** |
| | ) | |
| **PULASKI COUNTY DETENTION** | ) | |
| **CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Tadese Shiferaw, an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement and currently confined at Pine Prairie ICE Processing Center, brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  In the Complaint, Plaintiff alleges that he was injured on September 25, 2019, when he slipped and fell while exiting the shower at Pulaski County Detention Center in Ullin, Illinois.  (Doc. 1).  Although he received some medical care, Plaintiff claims he was denied effective treatment for his pain.  (*Id*.).  He seeks money damages against Pulaski County Detention Center.[1]  (*Id*.).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to

---

[1] Plaintiff originally filed this action in the United States District Court for the Western District of Louisiana on September 28, 2020.  *Shiferaw v. Pulaski County Detention Center, et al.*, No. 20-cv-01279 (W.D. La.). Because some events giving rise to this action occurred at a facility located in this federal judicial district, those claims were severed and transferred to the Southern District of Illinois on October 8, 2020.  This case focuses only on Plaintiff's claims against Pulaski County Detention Center.

state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations in the Complaint, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

**Count 1:** Defendant subjected Plaintiff to unsafe conditions of confinement at Pulaski County Detention Center by failing to maintain safe and dry conditions near the shower on or around September 25, 2019.

**Count 2:** Defendants denied Plaintiff adequate medical care for injuries he sustained from falling as he exited the shower back at Pulaski County Detention Center on or around September 25, 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

A *Bivens* suit provides a remedy against individual federal agents who are acting under color of federal law.  *Bivens*, 403 U.S. 388 (1971).  This suit is the federal analog to a civil rights action brought pursuant to 42 U.S.C. § 1983 against a state actor.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).  To state a *Bivens* claim, Plaintiff must allege that an individual acting under color of federal authority deprived him of a right secured by the United States Constitution.  *Bivens*, 403 U.S. at 395-97.  Plaintiff names Pulaski County Detention Center, not an individual federal agent, as the only defendant.  He cannot proceed with his claims for money damages against this entity. He must instead name as defendants the individual federal officials who were responsible for the conditions of his confinement and the denial of his medical care.  He must also set forth allegations describing what each individual did, or failed to do, to violate his rights.  Pulaski County Detention Center shall be dismissed with prejudice.

_____

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because Plaintiff identifies no other defendants in connection with Counts 1 and 2, the Complaint (including both claims) shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.  If Plaintiff wishes to pursue his claims any further, he may file an Amended Complaint in this case.  He is warned that failure to do so according to the deadline and instructions in the below disposition may result in dismissal of this action.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (**COUNTS 1** and **2**) (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **PULASKI COUNTY DETENTION CENTER** is **DISMISSED** with prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** this defendant as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file an "Amended Complaint" on or before **December 16, 2020.**  Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "Amended Complaint," and use the case number for this action (No. 20-cv-01063-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces all prior versions and renders them void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Amended Complaint must stand on its own without reference to any previous pleading.

3

Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/17/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

4