IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TADESE SHIFERAW, #XXXX-XX5-485, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 20-cv-01063-JPG |
| | ) |
| PULASKI COUNTY DETENTION CTR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Tadese Shiferaw filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff claims he was denied medical care for injuries he sustained when he slipped and fell in the shower at Pulaski County Detention Center in Ullin, Illinois. (Doc. 1). He requested money damages from the defendants.[1] (*Id*.).

The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed on November 17, 2020. (Doc. 12) ("Order Dismissing Complaint"). Plaintiff was granted leave to file a First Amended Complaint on or before December 16, 2020. (*Id*.). He was warned that the action would be dismissed with prejudice, if he failed to file the First Amended Complaint consistent with the deadline and instructions set forth in the Order Dismissing Complaint. (*Id*.) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would incur a "strike"

---

[1] Plaintiff is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement. He originally filed this action in the United States District Court for the Western District of Louisiana on September 28, 2020. *Shiferaw v. Pulaski County Detention Center, et al.*, No. 20-cv-01279 (W.D. La.). Because some of his claims arose at Pulaski County Detention Center, located in this federal judicial district, those claims were severed and transferred to the Southern District of Illinois on October 8, 2020. (*See* Doc. 6).

1

under 28 U.S.C. § 1915(g). (*Id*.). Even so, Plaintiff missed the deadline for filing the First Amended Complaint.

Plaintiff's mail was also returned to the Court undeliverable after he failed to update his address. (*See* Docs. 8, 11-13, and 15). The Court repeatedly advised Plaintiff of his continuing obligation to inform the Court of address changes:

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. P. 41(b).

(Docs. 8 and 12) (emphasis added). Plaintiff failed to update his address a single time during the pending action, resulting in the return of numerous documents. (Docs. 11-13).

On December 3, 2020, the Court entered the following Order to Show Cause:

> ORDER TO SHOW CAUSE: At the time this case was opened, Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any changes in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Docs. 8 and 12). One or more documents mailed to Plaintiff by the Court has been returned undeliverable. (See Docs. 11 and 13). **Plaintiff is hereby ORDERED to SHOW CAUSE on or before DECEMBER 18, 2020, why this action should not be dismissed for failure to comply with a court order and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action.** *Id*. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(Doc. 14) (emphasis added). Plaintiff also failed to respond to the show cause order. Several documents have since been returned to the Court undeliverable. (*See* Docs. 11, 12, and 15).

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Order Dismissing Complaint (Doc. 12) by filing a First Amended Complaint on or before December 16, 2020. *See* FED. R. CIV.

2

P. 41(b).  The action shall also be dismissed based on Plaintiff's failure to comply with the Orders to update his address and the Order to Show Cause.  (Docs. 8, 12, and 14).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 12), the Court's Orders to update his address (Docs. 8 and 12), and the Court's Order to Show Cause (Doc. 14).  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/21/2020**

            s/ *J. Phil Gilbert*
            **J. PHIL GILBERT**
            **United States District Judge**